UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUVARNA CHINTALA, <br> Plaintiff, <br> v. <br> CST BRANDS, LLC, <br> Defendant. | Case No. 17-cv-06596-JSC <br><br> **ORDER RE MOTION TO DISMISS** <br> Re: Dkt. No. 10 |

Plaintiff Suvarna Chintala, proceeding pro se, alleges that her employer Defendant CST Brands, LLC racially discriminated against her.[1] Ms. Chintala originally filed her complaint in the Superior Court of California for the County of Contra Costa. (Dkt. No. 1-4.) Defendant removed the action based on diversity jurisdiction. (Dkt. No. 1.) Now pending before the Court is Defendant's motion to dismiss. Having carefully reviewed the parties' briefing, the Court concludes oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and GRANTS Defendant's motion to dismiss with leave to amend.

## COMPLAINT ALLEGATIONS

Ms. Chintala experienced race, color, and national origin discrimination at work. (Dkt. No. 1-4 at 3.) Ms. Chintala is originally from India. (*Id*. at 6.) She was hired by Defendant in December 2007 and works as a customer service representative. (*Id*.) In November 2014, Ms. Chintala was demoted from full-time to part-time by her manager Barbra. (*Id*.) Ms. Chintala's hours dropped below 30 hours per week. (*Id*.) Defendant did not provide any reasons for moving Ms. Chintala to part-time. (*Id*.)

---

[1] Both parties have consented to this Court's jurisdiction. (Dkt. Nos. 12, 13.)

1    Other employees receive vacation and medical benefits. (*Id*. at 3.) A white woman named "Sara" was hired just one year ago for the same position, a customer service representative, and "got everything" – all benefits including vacation every year. (*Id*. at 3, 7.) Another white woman named "Sharyn" was hired as a cashier and customer service representative and receives full benefits including vacation every year. (*Id*. at 7.)

Ms. Chintala has been with the company for eight and a half years yet does not receive "anything." (*Id*. at 3.) In 2014, Ms. Chintala received sick time and benefits. (*Id*. at 10.) Defendant paid her $2000 for dental, $1107.75 for vacation, and $221.55 for sick time. (*Id*.) In October 2014, Ms. Chintala received a letter from "corporate" stating that she was not eligible for benefits in 2015 because she "did not work an average of 30 hours or more per week." (*Id*. at 14.) Ms. Chintala's average hours per week from October 2013 to October 2014 was 29.76 hours. (*Id*.) Accordingly, Defendant determined she was not a full-time employee. (*Id*.)

Ms. Chintala informed her manager who did not say anything. (*Id*. at 10.) When Ms. Chintala checked her "paysheet" she discovered she was demoted to part-time. (*Id*.) Over the years when Defendant was short-staffed Defendant made Ms. Chintala work more hours. (*Id*. at 11) Now that Defendant has hired other people Defendant has cut down Ms. Chintala's work hours. (*Id*.)

After demoting her Ms. Chintala's manager is very careful to make sure that Ms. Chintala works less than 30 hours per week. (*Id*.) Ms. Chintala's manager only gives Ms. Chintala 28.5 hours or 29.5 hours in order to prevent Ms. Chintala from receiving benefits. (*Id*.) Further, when "big shots" such as the CEO or other corporate officers come to visit the store, Ms. Chintala's manager takes Ms. Chintala off the work schedule. (*Id*. at 12.) Ms. Chintala was very upset her manager did this to her and Ms. Chintala has suffered a lot mentally. (*Id*.) The other cashiers asked Ms. Chintala why she is not in the store when the big shots visit. This has made Ms. Chintala sad all of these years. (*Id*.) Defendant is indirectly forcing Ms. Chintala to leave her job. (*Id*. at 11.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege

"enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). On a 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts may base dismissal "on either lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

Courts hold pro se pleadings to a more lenient standard. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). Post-*Iqbal* courts must still liberally construe pro se filings because "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotations and citations omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

In deciding a 12(b)(6) motion, the court will generally only consider "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A plaintiff cannot avoid dismissal by alleging new facts in an opposition to a motion to dismiss. *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998) (finding that "'new' allegations contained in the [plaintiff]'s opposition motion ... are irrelevant for Rule 12(b)(6) purposes."). If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleadings was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal

quotation marks and citation omitted).

## DISCUSSION

Defendant argues Ms. Chintala's complaint fails to meet basic pleading requirements. Ms. Chintala counters her EEOC complaint against Defendant sufficiently identifies her employment discrimination claim and adds a number of facts regarding her experience in Defendant's employ. Ms. Chintala also argues that the Court does not have diversity jurisdiction over this matter.

### I.  Jurisdiction

Ms. Chintala argues the Court does not have complete diversity over this matter because when she filed her discrimination complaint with the EEOC in 2015 Defendant was doing business in California. Ms. Chintala further argues that CST Brands was sold to 7-Eleven in 2016. "[F]or purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing." *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570 (2004). This action was filed in state court on October 4, 2017 and removed to this Court on November 15, 2017. (*Id*.) Therefore, the Court determines the citizenship of the parties with reference to the facts as they existed in late 2017, not 2015 or 2016.

At the time of filing Ms. Chintala was a citizen of Martinez, California. (Dkt. No. 1-4 at 2.) The citizenship of a limited liability corporation, such as Defendant, is based upon the citizenship of all the members of the limited liability corporation. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Defendant CST Brands, LLC's sole member is Ultra Parent LLC, a Delaware entity. (Dkt. No. 18.) Ultra Parent LLC's sole member is Circle K Stores Inc., a Texas Corporation with corporate headquarters in Tempe, Arizona. (*Id*.) Accordingly, the Court concludes complete diversity is satisfied.

### II.  12(b) Motion

Defendant argues Ms. Chintala's complaint fails to meet basic pleading requirements, specifically whether Ms. Chintala suffered an adverse action or whether the adverse employment action gives rise to an inference of discrimination.

Ms. Chintala brings a claim for race and national origin discrimination but does not

4

identify any state or federal statutes. Ms. Chintala has attached to her complaint, however, a right to sue letter from the EEOC which identifies her ability to sue under Title VII. (Dkt. No. 1-4 at 4.)

The elements of a Title VII discrimination claim are that the plaintiff: (1) belongs to a protected class, (2) performed her job satisfactorily, (3) suffered an adverse employment action, and (4) the employer treated her differently because of her membership in the protected class. *Cornwell v. Electra Cent. Credit Union*, 439 F.3d 1018, 1028 (9th Cir. 2006) (citation omitted); *see also Brown v. FPI Mgmt., Inc.*, No. C-11-0514-YGR, 2012 WL 629182, at *3 (N.D. Cal. Feb. 27, 2012) (citations omitted). The fourth element—that the plaintiff was subjected to adverse employment action *because of* her membership in a protected class—can be alleged either through direct evidence of discrimination, such as a supervisor's derogatory comment about her race or gender, *see, e.g.*, *E.E.O.C. v. Boeing Co.*, 577 F.3d 1044, 1050 (9th Cir. 2009), or through circumstantial evidence, which may include allegations that similarly situated individuals outside the plaintiff's protected class were treated more favorably or that other circumstances surrounding the at-issue employment action give rise to an inference of discrimination, *see Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105-06 (9th Cir. 2008); *Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010). "While an employment discrimination plaintiff need not plead a prima facie case of discrimination to survive a motion to dismiss," courts generally "take each element in turn in determining whether [a plaintiff] has stated a plausible claim for relief." *Brown*, 2012 WL 629182, at *3 (citation omitted).

Ms. Chintala has plausibly alleged the first element: while the Complaint itself does not identify her race or national origin, the attached EEOC complaint indicates that she is Indian and specifically identifies as South Indian. *See Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818–19 (9th Cir. 2002) (concluding the plaintiff established membership in a protected class of people of Korean national origin). Moreover, Ms. Chintala states in her opposition that she was referred to as the "dark skinned short lady" rather than by her name. While the Court may not consider new facts in an opposition to a motion to dismiss, *Schneider*, 151 F.3d at 1197 n. 1, the Court grants Ms. Chintala leave to amend in order to affirmatively state in her complaint that she is originally from India and that she has dark skin.

As to the second element, Ms. Chintala does not affirmatively allege that she performed her job adequately, which is how courts often deem this element satisfied. *See, e.g.*, *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1050 (9th Cir. 2012); *Brown*, 2012 WL 629182, at *4. Nor does she allege facts in support of satisfactory performance, such as good performance reviews. *Sheppard*, 694 F.3d at 1050 (finding that the plaintiff plausibly alleged the second element where she alleged that her performance was "satisfactory or better" and that "she received consistently good performance reviews"); *Brown*, 2012 WL 629182, at *4 (finding that the plaintiff plausibly alleged the second element where she alleged that she performed her job satisfactorily, received positive performance reviews, and was asked to help train other employees). However, drawing all inferences in Ms. Chintala's favor, the administrative record plausibly suggests that she was capable of performing her job adequately. Ms. Chintala has worked for Defendant for over eight years. Had Ms. Chintala not been able to perform her job it is unlikely Defendant would keep Ms. Chintala in its employ for so long. Moreover, the documents attached to the complaint demonstrate that Ms. Chintala's hours were reduced not because of her inability to perform the work but simply because her manager did not *schedule* her for enough hours. That being said, the Court will grant Ms. Chintala leave to amend her complaint to include an affirmative allegation to further bolster this second element that she performed her work adequately.

Ms. Chintala has also met the third element: adverse action. An adverse employment action generally is one that "materially affect[s] the compensation, terms, conditions, or privileges of...employment." *Chuang v. Univ. of Cal. Davis,* 225 F.3d 1115, 1126 (9th Cir. 2000). While courts must define adverse employment actions "broadly[,]" *Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir. 2000), "[n]ot every employment decision amounts to an adverse employment action[,]" *Strother v. S. Cal. Permanente Med. Grp.,* 79 F.3d 859, 869 (9th Cir. 1996) (footnote omitted). The EEOC documents attached to Ms. Chintala's complaint state that Ms. Chintala's supervisors purposefully scheduled her for less than 30 hours per week so that Ms. Chintala would not qualify for benefits. This change of schedule that caused Ms. Chintala to lose her benefits, including health insurance, constitutes "a material change in the terms and conditions" of Ms.

1 Chintala's employment and is therefore properly considered an adverse action. *See Ray v. Henderson*, 217 F.3d 1234, 1242 (9th Cir. 2000) (concluding reduced workload, and, as a result, reduced pay, qualifies as an adverse action that materially affect the terms and condition of employment).

The specific facts regarding Ms. Chintala's manager purposefully scheduling Ms. Chintala for less than 30 hours per week is not affirmatively pled in her complaint but is part of the attached EEOC documentation. Accordingly, the Court will grant Ms. Chintala leave to amend in order for Ms. Chintala to incorporate into her complaint the facts she listed in her EEOC complaint and opposition to the instant motion to dismiss.

The fourth element, that Defendant treated Ms. Chintala differently from similar situated individuals because of her membership in the protected class, is also met by the facts Ms. Chintala provided in her EEOC complaint and opposition to the motion to dismiss. Ms. Chintala stated in her EEOC complaint that two white women were hired for the same position years after Ms. Chintala joined the company yet the other women received more hours and greater benefits. This discrepancy is sufficient to create an inference that Ms. Chintala was treated differently because she is Indian. Accordingly, the Court will grant Ms. Chintala leave to amend to incorporate into her complaint the facts in her EEOC complaint regarding the race, position, and experience of her female colleagues who receive greater hours and benefits as well as the facts in her opposition regarding the racial comments and who made these comments.

Defendant's arguments are unpersuasive. While Ms. Chintala's complaint itself does not identify her race, the race of her similarly situated colleagues, whether she experienced an adverse action, or whether that action gives rise to an inference of discrimination, the documents attached to the complaint do and the Court can properly consider these exhibits in deciding whether leave to amend should be granted.

Second, Defendant's argument that "Plaintiff's scant allegations are equally consistent with an alternative explanation that is not based on any discriminatory animus" is unavailing. The Complaint does not include any allegations that make a non-discriminatory reason for changing Ms. Chintala to part-time status more likely than a discriminatory reason.

7

Finally, while Defendant is correct that the Court cannot consider the additional facts raised in Ms. Chintala's opposition, Defendant goes too far by urging the Court to dismiss Ms. Chintala's complaint with prejudice. See *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of their action.") To the contrary, the facts in the opposition and the documents attached to the Complaint suggest Ms. Chintala can state a Title VII claim.

Accordingly, Defendant's motion to dismiss is granted with leave to amend in order for Ms. Chintala to incorporate the facts in her EEOC complaint and her opposition to the instant motion.

## CONCLUSION

For the reasons discussed above, Defendant's motion is GRANTED with leave to amend. Ms. Chintala shall amend her complaint to incorporate the facts in her EEOC complaint and opposition to the instant motion. Any amendment shall be filed by March 22, 2018.

As Ms. Chintala is proceeding pro se, the Court again encourages Ms. Chintala to seek free assistance from the Northern District's Pro Se Help Desk, United States Courthouse, San Francisco, 450 Golden Gate Avenue, 15th Floor, Room 2796, San Francisco, CA 94102, or the Help Desk at the Oakland Federal Courthouse, 1301 Clay Street, 4th Floor, Room 470S, Oakland, CA 94612. Ms. Chintala can make an appointment in person or by calling 415-782-8982.

The parties shall make their initial disclosures on March 1, 2018 as agreed. The Court will hold an initial case management conference on April 5, 2018 at 1:30 p.m.

**IT IS SO ORDERED.**

Dated: February 26, 2018

JACQUELINE SCOTT CORLEY
United States Magistrate Judge